# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JESSICA BURGOS, | : |
|    Plaintiff, | : |
| | : |
| v. | : Civil No. 3:16CV1505 (AWT) |
| | : |
| NANCY A. BERRYHILL, | : |
| ACTING COMMISSIONER OF SOCIAL | : |
| SECURITY, | : |
|    Defendant. | : |

## ORDER REMANDING CASE

For the reasons set forth below, the decision of the Commissioner is reversed and this case is remanded for additional proceedings consistent with this order.

The plaintiff argues, in substance, (1) that the Administrative Law Judge ("ALJ") failed to follow the treating physician rule because he did not make weight assessments with respect to the opinions of her treating psychiatrist Leela Panoor, M.D. ("Panoor"), her treating therapist Erica Wilcox, MS, CRC, LPC ("Wilcox"), and her examining therapist Alison Rutherford, MSWI ("Rutherford"), and the opinions of each were entitled to some, if not significant or controlling weight; (2) that the ALJ's analysis with respect to the RFC determination did not account for the opinions of the plaintiff's treating physicians and the plaintiff's statements; and (3) that the ALJ

erred in concluding that the defendant had met its burden of proof at Step Five of the Sequential Evaluation Process.

The defendant argues that the ALJ properly weighed the medical opinions of record and that substantial evidence supports the ALJ's Step Five Determination.

The court concludes that this case must be remanded because the ALJ failed to follow the treating physician rule as to Panoor and Wilcox. The court does not address the remaining arguments because application of the treating physician rule at a rehearing may moot those issues.

"A district court reviewing a final [] decision . . . [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.§ 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981). The court may not make a de novo determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. See Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching a conclusion and whether the decision is supported by substantial evidence. See Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987). The Second Circuit has defined substantial evidence as "'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a mere scintilla or touch of proof here and there in the record." Williams, 859 F.2d at 258.

"[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2)). This is "particularly true [i]n the context of a psychiatric disability diagnosis[,] such as in this case. In such a case, it is improper to rely on the opinion of a non-treating, non-examining doctor because the inherent subjectivity of a psychiatric diagnosis requires the physician rendering the diagnosis to personally observe the patient." Griffin v. Colvin, No. 3:15CV105 (JGM), 2016 WL 912164, at *16 (D. Conn. Mar. 7, 2016) (internal quotations and citation omitted); Santiago v. Barnhart, 441 F. Supp. 2d 620, 629 (S.D.N.Y. July 27, 2006) ("The Treating Physician Rule recognizes that a physician who has a long history with a patient is better positioned to evaluate the patient's disability than a doctor who observes the patient once for the purposes of a disability

3

hearing. The rule is even more relevant in the context of mental disabilities, which by their nature are best diagnosed over time.").

"The regulations further provide that even if controlling weight is not given to the opinions of the treating physician, the ALJ may still assign some weight to those views, and must specifically explain the weight that is actually given to the opinion." Schrack v. Astrue, 608 F. Supp. 2d 297, 301 (D. Conn. 2009) (citing Schupp v. Barnhart, No. Civ. 3:02CV103 (WWE), 2004 WL 1660579, at *9 (D. Conn. Mar. 12, 2004)).

"Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." Snell v. Apfel, 177 F.3d 128, 133-34 (2d Cir. 1999) (citing Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998)). The "good reasons" must be stated explicitly and set forth comprehensively. See Burgin v Asture, 348 F. App'x 646, 649 (2d Cir 2009) ("The ALJ's consideration must be explicit in the record."); Tavarez v. Barnhart, 124 F. App'x 48, 49 (2d Cir. 2005) ("We do not hesitate to remand when the Commissioner . . . do[es] not comprehensively set forth reasons for the weight assigned . . . .") (internal quotation marks and citation omitted); Reyes v. Barnhart, 226 F. Supp. 2d 523, 529 (E.D.N.Y. 2002)("rigorous and detailed" analysis required).

In determining the amount of weight to give to a medical opinion, the ALJ must consider all of the § 404.1527(c) factors: the examining relationship, the treatment relationship (the length, the frequency of examination, the nature and extent), evidence in support of the medical opinion, consistency with the record, specialty in the medical field, and any other relevant factors. See Schaal, 134 F.3d at 504 ("all of the factors cited in the regulations" must be considered to avoid legal error).

In Rosa v. Callahan, 168 F.3d 72 (2d Cir. 1999), the court explained the ALJ's duty in a case where there are deficiencies in the record:

> [W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history "even when the claimant is represented by counsel or . . . by a paralegal." Perez, 77 F.3d at 47; see also Pratts, 94 F.3d at 37 ("It is the rule in our circuit that 'the ALJ, unlike a judge in a trial, must [] affirmatively develop the record' in light of 'the essentially non-adversarial nature of a benefits proceeding.'[. . .].") (citations omitted).

Id. at 79. See also Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118-19 (2d Cir. 1998) (holding that the ALJ should have sought clarifying information sua sponte because the doctor might have been able to provide a supporting medical explanation and clinical findings, that failure to include support did not mean that support did not exist, and that the doctor might have included it had he known that the ALJ would consider it dispositive).

> Gaps in the administrative record warrant remand . . . .
> Sobolewski v. Apfel, 985 F. Supp. 300, 314 (E.D.N.Y.1997);
> see Echevarria v. Secretary of Health & Hum. Servs., 685
> F.2d 751, 755-56 (2d Cir. 1982). . . .
>
> The ALJ must request additional information from a treating
> physician . . . when a medical report contains a
> conflict or ambiguity that must be resolved, the report is
> missing necessary information, or the report does not seem
> to be based on medically acceptable clinical and diagnostic
> techniques. Id. § 404.1512(e)(1). When "an ALJ perceives
> inconsistencies in a treating physician's report, the ALJ
> bears an affirmative duty to seek out more information from
> the treating physician and to develop the administrative
> record accordingly," Hartnett, 21 F. Supp. 2d at 221, by
> making every reasonable effort to re-contact the treating
> source for clarification of the reasoning of the opinion.
> Taylor v. Astrue, No. 07-CV-3469, 2008 WL 2437770, at *3
> (E.D.N.Y. June 17, 2008).

Toribio v. Astrue, No. 06CV6532(NGG), 2009 WL 2366766, at *8-*10 (E.D.N.Y. July 31, 2009).

In determining whether there has been "inadequate development of the record, the issue is whether the missing evidence is significant." Santiago v. Astrue, 2011 WL 4460206, at *2 (D. Conn. Sept. 27, 2011) (citing Pratts v. Chater, 94 F.3d 34, 37-38 (2d Cir. 1996)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

Here, the plaintiff has made the requisite showing. The pertinent opinions were authored by Wilcox and co-signed by

6

Panoor[1], and they involve psychiatric diagnoses. See Exhibits 3F and 7F (R. at 357, 397). For purposes of the treating physician rule, Panoor and Wilcox are treating sources whose opinions are entitled to controlling weight. See 20 C.F.R. § 404.1502 (identifying a physician who provides medical treatment or evaluates and has an ongoing relationship with the plaintiff as a "treating source"); Griffin, 2016 WL 912164, at *16 (finding that a therapist's opinion, when cosigned by a supervising psychiatrist, is entitled to controlling weight when there is no evidence that the cosigner had a different opinion, as is the case here).

The ALJ gave "great weight" (R. at 25) to non-treating, non-examining state agency psychological consultants Susan Uber, Ph.D. and Warren Leib Ph.D.. The ALJ stated that "there are no opinions from a treating or examining physician providing greater limitations tha[n] those found" and that "the record does not contain any opinion from treating or examining physicians indicating that the claimant is disabled or even has

---

[1] Pursuant to SSR 06-03p, when the ALJ considers 404.1527(c)(6) "other factors", the ALJ must consider "other sources" opinions. Rutherford is considered an "other source". 20 C.F.R. § 404.1513(d)(1) (therapists defined as "other sources"). According to SSR 06-03p, the regulations do not explicitly address how to consider "other sources" opinions. However, SSR 06-03p notes that the 404.1527(c) factors can be applied and that the ALJ generally should explain the weight given to ensure a reviewer can follow the reasoning. The court does not address Rutherford's opinion because the case is being remanded on other grounds and the ALJ can reanalyze Rutherford's opinion on rehearing if necessary. The Federal Register Notice Vol. 82, No. 57, page 15263 rescinded SSR 06-03p effective March 27, 2017. For purposes of this ruling, SSR 06-03p applies because it was not rescinded until after March 20, 2015, the date of the ALJ's decision.

7

limitations greater than those determined in this decision." R. at 25. These perfunctory statements do not suffice. See Eakin v. Astrue, 432 F. App'x 607, 611 (7th Cir. 2011) (holding "[t]erse statement that the record 'does not provide a basis for finding limitations greater than those determined in this decision'" legally insufficient because it is "too perfunctory to permit meaningful appellate review"). There is no explanation as to the weight actually given to the opinions of the plaintiff's treating physicians, though it appears that little to no weight was given to them. Also, the ALJ failed to explicitly analyze all of the required factors. The ALJ, therefore, failed to provide "good reason" for giving the opinions of Panoor and Wilcox opinions less than controlling weight.

In addition, the ALJ stated that Panoor and Wilcox were "unable" to "comment" or "assess" social interaction and task performance. R. at 25; See 3F, R. at 359; 7F, R. at 399. Yet the ALJ never asked them for an explanation. Given their familiarity with the patient's history and as treating sources, they may well have provided a well-founded opinion if asked. From the medical source statements, the court cannot determine whether the inability to report or assess stemmed from the patient or the evaluators, and whether it was simply a consequence of what was covered and not covered during a visit.

8

It is possible that all three providers had an opinion regarding whether and how the plaintiff's limitations might affect her ability to work for a sustained period, 8 hours a day, 5 days a week.

Thus, the court finds that the plaintiff has met her burden of demonstrating that the missing information is significant. If, in his analysis with respect to the RFC determination, the ALJ had accounted for the opinions of Panoor, Wilson and Rutherford (which the plaintiff argues translated in vocational terms to being off-task up to 33 % of the work day in the case of Wilcox's opinion) and the claimant's statements about her hand dexterity and hand and body shaking, doing so may have led the vocational expert to a "no work" conclusion. In such an event, the ALJ might have found the plaintiff disabled.

For the reasons set forth above, Plaintiff's Motion for Order Reversing the Decision of the Commissioner or in the Alternative Motion for Remand for a Hearing (Doc. No. 14) is hereby GRANTED, and Defendant's Motion for an Order Affirming the Decision of the Commissioner (Doc. No. 15) is hereby DENIED. This case is hereby REMANDED to the Commissioner for rehearing consistent with this order.

The Clerk's Office is instructed that, if any party appeals to this court the decision made after this remand, any subsequent social security appeal is to be assigned to the

District Judge or Magistrate Judge who issued the Ruling that remanded the case.

The Clerk shall close this case.

It is so ordered.

Dated this 28th day of February 2018, at Hartford, Connecticut.

                                      /s/AWT
                             Alvin W. Thompson
                  United States District Judge